**LORI HARPER SUEK**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Ste. 3200
Billings, MT 59101
Phone:      (406) 657-6101
FAX:        (406) 657-6989
Email:      Lori.Suek@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. DEVIN MIRANDA AMERICAN HORSE, Defendant. | CR 23-73-BLG-SPW RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM |
|---|---|

American Horse's sentencing memorandum, and her request for a reduction of her sentence by approximately 6 ½ months for time she has spent in federal custody, raises this question: What can this Court do and what can't BOP do when 18 U.S.C. § 3585(b) and USSG §5G1.3(b) intersect. American Horse was arrested

1

by the State of Montana on an offense related to this case on February 5, 2023. S*ee* PSR ¶ 32. She has been in continuous custody since then. She transferred over into federal custody on a writ of prosecution on July 5, 2023. *See* Minute Entry for Arraignment (Doc. 8).

    First, turning to the statute. Section 3585(b) gives a defendant credit for time "spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence. The calculation of credit for time served is the sole responsibility of BOP. *United States v. Wilson*, 503 U.S. 329, 333-36 (1992). BOP computes credit for time served after a defendant begins serving her sentence. *Id.* But *Wilson* also makes clear that the district court will first apply the relevant Sentencing Guidelines before any time served credit determinations. *See United States v. Drake*, 49 F.3d 1438, 1440 (9th Cir. 1995).

    If this were the run of the mill case meaning no related state case and no writ, American Horse would receive credit for time served on her federal sentence from July 5, 2023 until she begins serving her sentence, and that calculation would be made by BOP. But here, BOP will not credit American Horse with any time prior to the time she starts serving her federal sentence because she is getting credit for that time on her state sentence for the conviction in paragraph 32. *See Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) ("When an accused is transferred

2

pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly."); *see also Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998) (state prisoner appearing in federal court under writ ad prosequendum still in state custody). Thus, American Horse remains in state custody, legally and primarily, pursuant to the writ, from February 5, 2023, until she begins serving her sentence in this case. If American Horse is entitled to credit against her federal sentence during any of this period, it must be on some legal basis other than being physically in federal custody. And that is where USSG §5G1.3(b) comes into play.

BOP cannot give American Horse credit for the time she has served since February 5, 2023, and this Court cannot calculate credit for time served. But §5G1.3(b) requires this Court to consider the time she has served in deciding the appropriate sentence and then adjust the sentence accordingly. The court "shall adjust the sentence for any period of imprisonment already served" if she will not receive credit from BOP. Additionally, the Court "shall" impose its sentence concurrent with the remainder of the state sentence. The United States has found two cases that are instructive on how § 3585(b) and §5G1.3(b) work together and what the judgment needs to say to make clear to BOP the Court's intention. *See*

*United States v. Moore*, 54 Fed. Appx. 632, 633 (9th Cir. 2002) (unpublished); *Jenkins v. Beasley*, 2018 WL 7291592 (E.D. Ark. July 27, 2008).

The United States agrees with American Horse that §5G1.3(b) applies in this case because the conviction reflected in paragraph 32 of the PSR is relevant conduct to this case.  The United States also agrees with American Horse that § 3585(b) will preclude BOP from giving her any credit before she begins serving her sentence, because the time she will have spent in custody up to that point will be credited to her state sentence.  The United States does not agree, however, with American Horse's amount of the adjustment that the Court should make.  Below is what the United States believes the Court must do to comply with USSG §5G1.3(b).

First, the Court determines the appropriate sentence.  The United States is recommending that the appropriate sentence here is 27 months for all of the reasons set forth in its sentencing memorandum.  The Court then should order that whatever sentence the Court imposes run concurrent to the three-year sentence imposed in DC-23-0164 as reflected in paragraph 32.  Then, following the guidance and example in USSG §5G1.3(b), comment. (n.2(C) and (D)), the Court should note on the judgment the amount of the adjustment for time served on the undischarged term of imprisonment for DC-23-0164.  That amount is as follows:

(1) 143 days credit up to June 27, 2023 (sentencing date in DC 23-01624);

(2) 343 days from June 27, 2023 until January 10, 2024.

The Court then must reference the undischarged term of imprisonment that gives rise to the adjustment – the sentence imposed for the conviction in DC-23-0164 as reflected in paragraph 32.  And, finally, the Court must note that the ultimate sentence imposed is a reduction in accordance with USSG §5G1.3(b).

In sum, if the Court follows the recommendation of the United States, the ultimate sentence will be 27 months minus 486 days, which is approximately 16 months, for a total sentence of 11 months to run concurrent to the sentence imposed in DC-23-0164.

DATED this 5th day of January, 2024.

JESSE A. LASLOVICH
United States Attorney

*/s/Lori Harper Suek*
LORI HARPER SUEK
Assistant U. S. Attorney